IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02166-NYW-KLM

ALAN D. CHALEPAH,

Plaintiff,

v.

CANON CITY AND ROYAL GORGE ROUTE a/k/a Royal Gorge Route Railroad,

Defendant.

---

# ORDER

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Plaintiff's Motion to Amend the Complaint
[#57] filed on October 22, 2014.  The Parties have consented to the jurisdiction of the Magistrate
Judge [#15] and the court has jurisdiction pursuant to the Order of Reference dated September
17, 2013, and the subsequent reassignment of this action.  [#19, #78].   Given the various
representations in the pending motions, the court set a hearing by Minute Order that stated, in
pertinent part:

> "At this time, the court will hear argument regarding the Motion to Amend
> Complaint [#57] and the Motion to Amend Plaintiff's Response to Defense
> Motion for Summary Judgment [#75].  Plaintiff Alan D. Chalepah must appear in
> person and be prepared to testify as to his counsel's representations raised in both
> Motions as the basis for the relief requested therein."

[#79].

A hearing was held on these Motions on April 24, 2015.  During the hearing, the court
specifically advised Plaintiff Alan D. Chalepah ("Plaintiff" or "Mr. Chalepah") that his lawyer
had made certain representations in the Motions about his qualifications to serve as an attorney

in this matter as justification for the pending Motions.  The court further asked Mr. Chalepah whether he had been informed of the positions taken by his counsel, the progress of his case, and the fact that his attorney's actions in the case would bind him.  Mr. Chalepah indicated that he had been so advised and he understood.  The court then inquired whether Mr. Chalepah wanted to go forward with the representation of counsel, and Mr. Chalepah confirmed that he did.  As a result, the court then turned to oral argument regarding the pending Motions.

The court has considered the Parties' papers, the applicable case law, the arguments made by counsel at oral argument, and is sufficiently advised of the premises.  For the reasons set forth herein, Plaintiff's Motion to Amend the Complaint is DENIED and Plaintiff's Motion to Amend Plaintiff's Response to Defense Motion for Summary Judgment is DENIED, with leave to file a Sur-Reply of no more than ten (10) pages, which, at a minimum, addresses the Statement of Undisputed Facts as set forth in the pending Motion [#60 at Section II], with specific citations to evidence.

## BACKGROUND

Plaintiff initiated this lawsuit on August 13, 2013 by filing a *pro se* Complaint.  [#1].  The court then permitted Mr. Chalepah to proceed pursuant to 28 U.S.C. § 1915 [#6].   In the Complaint, Mr. Chalepah asserts various claims associated with the termination of his employment with Defendant Canon City & Royal Gorge Route ("Defendant" and "RGRR"), as follows:  (1) termination based on Mr. Chalepah's color and/or race in violation of Title VII of the Civil Rights Act of 1964 (disparate treatment) [#1 at ¶¶ 19, 32-49]; (2) breach of contract and/or promissory estoppel [*id.* at ¶¶ 50-65]; (3) negligence [#1 at ¶¶ 66-70]; (4) intentional infliction of emotional distress/harassment [*id.* at ¶¶ 73-78]; (5) intentional interference with

contractual relationship [*id.* at ¶¶ 79-85]; and (6) abuse of process [*id.* at ¶¶ 86-92].  Plaintiff

sought compensatory and exemplary damages and injunctive relief.  [*Id.* at 23-24].

In support of his claims, Mr. Chalepah set forth several pages of factual allegations, some

of which are recited here.  Plaintiff self-identifies as an American-Indian male.  [#1 at 3 ¶ 11A].

Beginning on or about May 11, 2007, Mr. Chalepah was employed by Defendant Canon City &

Royal Gorge Route ("Defendant" or "RGRR").   In 2012, the former Superintendent of

Operations announced his resignation and Mr. Chalepah expressed interest in the position to the

Assistant General Manager, Glenn Hayes.  [*Id.* at ¶11B]  Subsequently, unbeknownst to Mr.

Chalepah, the position of Superintendent of Operations was then divided into two positions: a

Manager of Operations and a Chief Mechanical Officer.  [*Id.* at 4 ¶ 11C]  Mr. Chalepah was not

interviewed for either position, and the position of Manager of Operations was filled by Devon

Cacy, an individual who had less experience than Mr. Chalepah.  [*Id.* at 4 ¶ 11E.]  Mr. Chalepah

was displeased with the fact that he was neither interviewed for nor given the position.  [*Id.* at ¶

11F]

On or about November 1, 2012, Mr. Chalepah confided in Mr. Cacy, a personal friend,

that he was upset and was contemplating contacting the Equal Employment Opportunity

Commission ("EEOC").  [*Id.* at ¶ 11G].  Mr. Chalepah concedes he does not know whether Mr.

Cacy, in turn, told any of the supervisors at RGRR of his intent to contact the EEOC.  [*Id.*]  On

or about November 5, 2012, Mr. Chalepah received a text message from his supervisor to hurry

and return with a company gas card because another employee needed to fuel a work truck.  [*Id.*

at ¶ 11I].  In response, he responded "no s**t why don't he drive down here."  [*Id.*]  On or about

November 5, Mr. Chalepah was suspended by RGRR through Mr. Hayes and Jennifer Keegan,

an RGRR Human Resources representative, based in part on the text and unspecified "things that

have come to [the] attention [of RGRR management]." [*Id.* at ¶ 11L]. Mr. Chalepah was then terminated a day or two later after he purportedly contacted two employees, Thomas Prather and Wayne Gay, to create conflict and "help to build a case against the company." [*Id.* at ¶¶ 11M-N.] The Complaint contains no allegation that Mr. Chalepah had filed any complaint with the EEOC or made any direct complaint to either Mr. Hayes or Ms. Keegan that RGRR had discriminated against him based on his race at the time of his termination.

The court entered the Scheduling Order in this case on October 30, 2013. [#29]. At that time, Mr. Chalepah appeared *pro se*. [*Id.*] In the Scheduling Order, Mr. Chalepah again set forth a statement of his claims. [*Id.* at 2-3]. In that statement, Mr. Chalepah specifically stated that "all of the decisions and/or actions by Defendant were based in whole or part by discrimination and/or retaliation and were not undertaken for legitimate, nondiscriminatory, non-retaliatory, and non-pretextual reasons," and "Defendants actions [sic] as outlined by the Equal Employment Opportunity Commission were based in whole or part from Discrimination, Retaliation, and Harrassment." [*Id.*] Defendants responded that "any and all actions it took with respect to Plaintiff's employment were taken for legitimate, non-discriminatory and non-retaliatory reasons." [*Id.* at 4]. In addition, Defendants asserted affirmative defenses including, "(1) all of the decisions and/or actions challenged as discriminatory and/or retaliatory in Plaintiff's Complaint were undertaken for legitimate, nondiscriminatory, nonretaliatory, and non-pretextual reasons; (2) some or all of the decisions and/or actions challenged as discriminatory and/or retaliatory in Plaintiff's Complaint would have been undertaken even had Plaintiff not had the protected status(es) alleged and/or had not undertaken the protected conduct alleged…" [*Id.* at 5]. Neither Party, however, addressed any specific allegation of retaliation. The deadline for joinder of parties and amendment of pleadings was set for December 13, 2013. [*Id.* at 9]. On

December 20, 2013, the court granted the Motion of Plaintiff's Request for Voluntary Attorney. [#37].

On March 29, 2014, Plaintiff's current counsel was appointed pursuant to the United States District Court's Pilot Program to Implement a Civil Pro Bono Panel. [#39]. The appointment provided that Mr. Peterson had 31 days from March 31, 2014 to enter an appearance or withdraw as counsel. [*Id.*] Mr. Peterson entered his appearance on May 2, 2014. [#40]. On June 2, 2014, the court granted Plaintiff's Motion to vacate the trial date, and extended the deadline for the close of discovery to October 3, 2014, and the deadline for the filing of dispositive motions to November 3, 2015. [#48]. Mr. Chalepah was also provided ten additional interrogatories. [*Id.*]

On July 3, 2014, Mr. Chalepah filed a motion seeking additional discovery [#51], which was opposed by Defendant [#53]. By Defendant's representation, at the time of the filing of the motion, Plaintiff had served thirty-nine interrogatories, but had not taken a single deposition. [*Id.* at ¶¶ 4-5]. The court set a hearing on the motion for July 21, 2014, but Plaintiff's counsel did not appear. [#54]. The court then denied the motion seeking additional discovery, and the deadline for discovery of October 3, 2014 remained set. [*Id.*]

On October 22, 2014, after the close of discovery, Plaintiff filed the pending Motion to Amend the Complaint seeking to amend the Complaint to include a cause of action for retaliation under Title VII of the Civil Rights Act of 1964, and a cause of action for discrimination under 42 U.S.C. § 1981. [#57]. In so moving, Plaintiff relies upon the inexperience of and other demands upon his counsel to excuse the delay in seeking amendment. [*Id.*] Plaintiff also argues that the amendment will not result in the need for further discovery, and that Defendant was put on notice of the claims through the original Complaint. [*Id.* at 5]. It is, however, not entirely clear

how the factual allegations stated in the original Complaint support the proposed amendments.[1] Defendant opposed the Motion to Amend the Complaint, arguing that Plaintiff had sought (and been granted) an extension of discovery but failed to take any depositions [#58 at 3-4], any further delay was prejudicial because Plaintiff sought to add claims that were not included in the original Complaint [*id.* at 4-6], and the proposed amendments were futile because Mr. Chalepah's claim for retaliation was not included in his EEOC complaint, and therefore, was not administratively exhausted. [*Id.* at 6].

On November 3, 2014, RGRR filed its Motion for Summary Judgment. [#60]. Plaintiff, through his counsel, opposed the Motion for Summary Judgment [#69], and RGRR filed its Reply on December 11, 2014 [#74], rendering the Motion for Summary Judgment ripe for disposition. On December 19, 2014, Plaintiff filed a Motion for Leave to file Amended Response to Defendant's Motion for Summary Judgment, again arguing that the inexperience of his counsel in federal court justified amendment. [#75]. The court denied Plaintiff's Request to Amend his Response to Defendant's Motion for Summary Judgment during the motions hearing held on April 24, but permitted Plaintiff to file a Sur-Reply of not more than ten pages on or before May 8, 2015. [#82].

The court now turns to Plaintiff's Motion to Amend the Complaint.

## ANALYSIS

### I.  Standard of Review

Because the deadline for amendment of pleadings and joinder of parties ran well before the pending Motion to Amend the Complaint was filed, the court employs a two-step process in

---

[1] Plaintiff also tendered a proposed First Amended Complaint [#57-1], but the proposed pleading failed to comply with D.C.COLO.LCivR 15.1(b), which requires a party to attach as an exhibit a

determining whether to grant such a motion.  First, a movant must first demonstrate under Rule 16(b) of the Federal Rules of Civil Procedure that good cause exists to seek modification of the Scheduling Order.  *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). The analysis under Rule 16(b) focuses on the diligence of the party seeking leave to modify the schedule to permit the proposed amendment, *i.e.*, that the scheduling deadlines could not be met despite a party's diligent efforts.  *Id.* at 668.  Only after a party has established good cause does the court consider whether the amendment should be permitted under Rule 15(a) of the Federal Rules of Civil Procedure.  *Id.* at 669.

## II.    Application of Rule 16(b) Standard

Plaintiff argues he should be permitted to amend his Complaint to add two additional causes of action, and asserts that Defendant will not be prejudiced because it has had notice of the underlying facts for both claims since the inception of the lawsuit.  [#57].  The inquiry under Rule 16(b), however, does not focus on the bad faith of the movant, or the prejudice to the opposing party.  *See Pumpco*, 204 F.R.D. at 668.  Rather, the question to be answered is whether the scheduling deadlines could not be met despite a party's diligent efforts.  *Id.*  Unfortunately, based on the record before it, the court can only conclude that Mr. Chalepah and his counsel were not diligent in their efforts to amend the Complaint to include a cause of action for retaliation and for a violation of 42 U.S.C. § 1981.

There is no dispute that Plaintiff was aware of his claim for retaliation at least as early as the filing of the Scheduling Order in this case, in October 2013.  The entered Scheduling Order reflects Mr. Chalepah's belief that he may have been a victim of some unspecified retaliation. [#29].  From his own filing, Mr. Chalepah concedes that all the facts related to the claims were

_____

copy of the proposed amended pleading which strikes through the text to be deleted and

known at the time of filing.  [#57].  In addition, no depositions were taken by Plaintiff in this matter, and Mr. Chalepah does not argue that any responses to written discovery alerted him to these causes of action that he seeks to introduce.  [*Id.*]  Nor is Mr. Chalepah arguing any change in the law that justifies the delay in seeking leave to amend.  [*Id.*]

Instead, Mr. Chalepah argues that his counsel's inexperience in federal court and other professional and personal commitments should justify the delay in seeking amendment of the Complaint.  [#57].  But a party's delay in performing the necessary pretrial preparation to recognize a claim does not satisfy Rule 16(b)'s good cause standard.  *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000).  Because Mr. Chalepah had all the relevant facts at his disposal that would have permitted him to correct his Complaint before or shortly after the deadline set forth in the Scheduling Order, he has failed to state good cause.  *See Petekeiwicz v. Stebel*, No. 13–cv–01865–RM–KLM, 2015 WL 1740386, at *4 (D. Colo. April 14, 2015).  The fact that counsel entered an appearance after the expiration of the deadline in the Scheduling Order does not satisfy good cause.  *See Enterprise Mgm't Ltd., Inc. v. Warwick*, No. 10–cv–00660–JLK–KMT, 2012 WL 1110081, at *3 (D. Colo. April 3, 2012).  Indeed, even if Plaintiff had continued *pro se*, he would be held to the same rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002); *Harris v. Lumbard*, No. 11–cv–02461–CMA–KMT, 2012 WL 5187766, at *2 (D. Colo. Oct. 18, 2012).

Because Mr. Chalepah has not shown good cause for seeking leave to amend his Complaint after the expiration of the pleading amendment deadline, the Motion to Amend the Complaint is subject to denial on this basis alone.  *See Carbajal v. St. Anthony Central Hosp.*, No. 12–cv–02257–REB–KLM, 2015 WL 1499864, at *4 (D. Colo. March 27, 2015).

---

underlines the text to be added.

Therefore, IT IS ORDERED:

(1)      Plaintiff's Motion to Amend the Complaint [#57] is DENIED; and

(2)      Defendant's request for an award of its reasonable attorneys' fees incurred to respond to Plaintiff's Motion to Amend the Complaint [#58 at 9] is DENIED, as violating D.C.COLO.LCivR 7.1(d) and providing no legal justification for an award of fees against Plaintiff.


DATED:  April 28, 2015                BY THE COURT:

                                          s/ Nina Y. Wang
                                          United States Magistrate Judge